IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.    CRIMINAL ACTION NO. 5:08-cr-00266-01

BARRY MARCEL VAUGHN,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Magistrate Judge VanDervort's Proposed Findings and Recommendation [Docket No. 108] regarding Defendant's pretrial motions [Docket Nos. 38, 39, 40, and 101], and Defense Counsel's Motion to Withdraw as Counsel and for an Opportunity for Defendant to Obtain Trial Counsel. [Docket No. 111]. Magistrate Judge VanDervort recommended that this Court deny Defendant's pretrial motions. Defendant has filed no objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation (PF&R).

*I. Defendant's Pretrial Motions*

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct

a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on February 16, 2010. To date, no objections have been filed.

Magistrate Judge VanDervort did not make any recommendations with regards to Defendant's Motions to Exclude [Docket No. 101 at ¶¶ 1, 3, and 6], as they sound *in limine*. ¶1 moves to exclude all evidence not provided for in discovery. ¶3 moves to exclude all evidence obtained by use of the cooperating individual, whom Defendant says was deactivated due to illegal activities, was using and selling drugs while working for law enforcement, and whom was not a reliable source on whom the United States could reasonably rely upon. ¶6 moves to exclude any and all statements that are attributed to Defendant but not have been previously disclosed. Counsel for Defendant stated in Magistrate Judge VanDervort's courtroom that the United States has met its discovery obligations, so ¶¶1 and 6 are moot. With regards to ¶3, the United States has proffered evidence that the cooperating individual had not been deactivated due to illegal activities. *Pretrial Motions Hearing Transcript* 14-15 (January 26, 2010). Moreover, the cooperating individual's substance abuse history and reliability are matters of credibility to be decided by the finder of fact. *See United States v. Rivers*, 226 Fed.Appx. 292, 293 (4th Cir. 2007).

Defendant has filed three pretrial motions *pro se*. [Docket Nos. 38, 39, and 40] However, Defendant does not have the right to both self- representation and representation by counsel. *United States v. Sacco*, 571 F.2d 791, 793 (4th Cir. 1978); *United States v. Hirschfeld*, 911 F.Supp. 200, 201 (E.D. Va. 1995). The Court therefore need not consider these motions on their merits.

*II. Defense Counsel's Motion to Withdraw as Counsel*

*and for an Opportunity for Defendant to Obtain Trial Counsel*

Defense counsel moves to withdraw as counsel, and to give Defendant an opportunity to obtain trial counsel. Counsel states that Defendant informed him on February 15, 2010–two days before trial–that he was terminating the attorney-client relationship and hiring another attorney. Defendant stated that he is unhappy with his counsel's performance, and suggested that his counsel is involved with prosecutors and law enforcement in a conspiracy against him.

Defendant is currently on his third appointed attorney and fourth trial date. In the Order that granted the motion of Defendant's previous counsel to withdraw, Magistrate Judge VanDervort stated that "no further motions for new counsel will be granted." (Docket No. 31). Although the Sixth Amendment affords a criminal defendant the counsel of his choosing, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151. Moreover, Defendant's right to counsel of his choosing is not absolute. *United States v. Gallop*, 838 F.2d 105, 107-108 (4th Cir. 1988). Defendant's right to choose counsel does not grant him the ability to "obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *Id.* Defendant has already been warned that no additional motions for new counsel will be granted, and, further, has not shown good cause. Defendant's current counsel will therefore remain assigned to Defendant.

*III. Conclusion*

Accordingly, the Court **ADOPTS** the PF&R [Docket No. 108], and **ORDERS** that Defendant's pretrial motions [Docket Nos. 38, 39, 40, and 101], and Defense Counsel's Motion to Withdraw as Counsel and for an Opportunity for Defendant to Obtain Trial Counsel [Docket No. 111] be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: February 16, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA