**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 5:08-cr-00266-01

BARRY MARCEL VAUGHN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's *Pro Se* Motion for New Trial [Docket 131], Supplement to Motion for New Trial [Docket 172], and Memorandum in Support [Docket 181]. Inasmuch as Defendant is represented by counsel, the Court declines the opportunity to consider his *pro se* motion for a new trial and will only consider the motions subsequently filed by his counsel.

Defendant first contends that the evidence adduced at trial does not support his conviction. He states that the only evidence supporting his conviction was the testimony of Michael Harshaw, the confidential informant; a videotape, which showed no evidence of the alleged transaction; and "the government's attempt to tie the defendant to money alleged to have been part of the transaction." (Docket 181 at 2). Defendant contends that the Government's failure to submit into evidence the four hundred dollars ($400) in "buy money" used in the alleged transaction between him and Harshaw was a critical deficiency in the Government's case, and necessitates a new trial.

Defendant further states that the recording made by Harshaw of the alleged transaction reveals that Harshaw inexplicably stopped in the lobby of the hotel before going to Defendant's

room, and upon entering the room immediately visited the bathroom before conducting the transaction. (Docket 181 at 4). Defendant asserts that these events call Harshaw's testimony into question and dictate that the verdict against the Defendant must be vacated and a new trial be granted. Defendant also renews his Motion for Acquittal, denied by this Court following the jury's verdict.

Under Rule 33 of the Federal Rules of Criminal Procedure, the Court is permitted to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. The Court of Appeals for the Fourth Circuit has observed that "a court 'should exercise its discretion to grant a new trial "sparingly,"' and that it should do so 'only when the evidence weighs heavily against the verdict.'" *United States v. Perry*, 335 F.3d 315, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997). "In deciding a motion for a new trial, the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government. Thus, it may evaluate the credibility of the witnesses." *United States v. Arrington*, 757 F.2d 1484, 1485. The Court should grant a new trial when "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *Id.*

In the instant case, the Government introduced sufficient evidence at trial to support the jury's conclusion that Defendant violated 21 U.S.C.§ 841(a)(1). Officer Bailey testified that he gave Michael Harshaw four hundred dollars ($400) in pre-recorded money to purchase a controlled substance from Defendant. (Docket 153 at 27). He further testified that this pre-recorded money was present in the money found on Darryl Limmitt at the time of Defendant's arrest. (Docket 153 at 32). The Government introduced into evidence a photocopy of four (4) one hundred dollar ( $100) bills, which Officer Bailey testified was the pre-recorded "buy money" he provided to

Harshaw. (Docket 153 at 27). Michael Harshaw testified that Officer Bailey gave him four hundred dollars ($400) and he used that money to purchase a controlled substance from Defendant. (Docket 153 at 58). Officer Bailey also testified on direct examination that the four hundred dollars ($400) was later seized as drug money and forfeited through the court system of Raleigh County. (Docket 153 at 181).

The grounds for new trial cited by Defendant do not confute the witnesses' credibility. Defendant's counsel had an opportunity to cross-examine Officer Bailey with respect to the forfeiture of the four hundred dollars ($400). The jury was made aware that the four hundred dollars ($400) was evidence against Defendant in this case and could decide for itself the weight of that evidence in light of its forfeiture. Similarly, the jury was able to weigh the credibility of the witnesses and decide which testimony was credible and which should be disregarded as not credible.

As to Harshaw's detour to the hotel lobby before approaching Defendant's hotel room, Harshaw explains in his testimony that he walked into the lobby thinking it was a direct entrance into the hotel, and was redirected by the desk clerk. (Docket 153 at 57). There was no evidence presented that the pills Harshaw purchased from Defendant and delivered to Officer Bailey came from a source other than Defendant.

Considering the evidence upon which the jury made its decision, and the lack of evidence contradicting the verdict, the Court cannot find that the evidence weighs heavily against the verdict. Accordingly, the Court **ORDERS** that Defendant's Supplemental Motion for New Trial [Docket172] be **DENIED**.

With respect to his renewed motion for acquittal, the Court must "view the evidence in the light most favorable to the Government and inquire whether any rational trier of fact could find the

essential elements of the crime beyond a reasonable doubt." *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997). Inasmuch as the Court has already found the evidence sufficient to sustain Defendant's conviction, it is **ORDERED** that his renewed motion for acquittal be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: February 9, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA