UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO.  5:08-cr-00266

BARRY MARCEL VAUGHN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Barry Marcel Vaughn's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 [Doc. 258], filed March 25, 2020. It is supported by Defendant Vaughn's Memorandum Regarding Eligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 267], filed July 8, 2020.

**I.**

On December 9, 2008, Barry Marcel Vaughn was indicted on one count of knowingly and intentionally distributing a quantity of oxycodone in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. On July 14, 2009, Mr. Vaughn was charged in a superseding indictment with conspiracy to distribute quantities of oxycodone, in violation of 21 U.S.C. § 846 (Count One), and knowingly and intentionally distributing a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (Count Two). [Doc. 43]. The United States filed an information on July 17, 2009, pursuant to 21 U.S.C. § 851, seeking the imposition of enhanced penalties if Mr. Vaughn was convicted of either Count One or Count Two. [Doc. 49].

Mr. Vaughn was convicted of Count Two of the Superseding Indictment following a jury trial held on February 18–19, 2010. [Doc. 119]. Upon motion of the United States, the court dismissed Count 1 on April 7, 2010. [Docs. 134, 135].

A Presentence Investigation Report ("PSR") was prepared. [Doc. 202]. The PSR indicated that the Base Offense Level and the Adjusted Offense Level would be 14. [*Id.* at 8]. That Level would increase substantially, however, to a 34, if the court determined Mr. Vaughn qualified as a career offender. [*Id.* at 8–9]. The predicate offenses cited by the PSR are attempted possession with intent to deliver heroin on August 14, 2000, and distribution of a quantity of cocaine base on June 10, 2002. [*Id.*]. Mr. Vaughn had a total of six criminal history points, which established a criminal history category of III. [*Id.* at 11]. In the event he was adjudicated a career offender, however, his criminal history category would increase to VI. [*Id.*]

On February 11, 2011, the presiding judge sentenced Mr. Vaughn to 188 months imprisonment and 5 years supervised release. [Doc. 192]. The Court found the applicable U.S.S.G. ranges to be a total offense level of 34 and a criminal history category of VI, resulting in a guidelines custody range of between 262 and 327 months. [Docs. 188, 191]. The court varied below the guideline range but indicated a lengthy sentence of imprisonment was necessary given Mr. Vaughn's criminal history. [Docs. 188, 191 at 5].

On March 25, 2020, Mr. Vaughn filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. [Doc. 258]. He seeks release for extraordinary and compelling reasons, as the career offender sentencing enhancement would no longer apply to his conviction. [*Id.* at 4]. Mr. Vaughn also contends that the BOP response to the ongoing COVID-19 pandemic and his rehabilitative efforts support compassionate release.

On July 21, 2020, the United States responded that the only acceptable conditions

for compassionate release are medical condition, age, and family circumstances. [Doc. 268 at 4]. It further asserts that granting Mr. Vaughn compassionate release would upend the carefully designed sentencing scheme and undermine the finality of sentences. [*Id.* at 6–7]. The United States also responds that the BOP is following a lengthy and detailed Coronavirus Action Plan to protect staff and prisoners. [*Id.* at 8–9]. Finally, it asserts that Mr. Vaughn's rehabilitative efforts are insufficient to warrant a compassionate release. [*Id.* at 11].

Mr. Vaughn replied on July 28, 2020, emphasizing that his 188-month sentence is nearly eight times as severe as the U.S. Sentencing Guidelines ("USSG") would now recommend. [Doc. 270 at 1]. Additionally, Mr. Vaughn cited several decisions by courts finding they have discretion to grant compassionate release outside of the BOP's enumerated conditions. [*Id.* at 3–6]. Finally, Mr. Vaughn revealed that he suffers from high blood pressure and stage 3 kidney disease. [Docs. 269, 270 at 7].

On December 11, 2020, the Court ordered the United States to provide Mr. Vaughn's inmate record. [Doc. 271]. The United States provided these records on December 15, 2020. [Doc. 272]. Mr. Vaughn filed a supplemental memorandum addressing the application of Mr. Vaughn's disciplinary record in light of recent binding precedent. [Doc. 273].

## II.

"Generally, a court may not modify a term of imprisonment once it has been imposed." *United States v. Wirising*, 943 F.3d 175, 179 (4th Cir. 2019), as amended (Nov. 21, 2019) (internal quotations omitted) (citing 18 U.S.C. § 3582(c)). However, "there are several exceptions to this rule." *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) (discussing exception in 18 U.S.C. § 3582(c)(2)). A court may reduce a defendant's sentence "if the court . . .

finds that . . . extraordinary and compelling reasons warrant such a reduction and that the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and if the § 3553(a) sentencing factors merit a reduction." *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *2 (4th Cir. 2020) (internal quotations omitted) (citing 18 U.S.C. 3582(c)(1)(A), "known as the compassionate release statute").

Before the First Step Act, "courts could consider compassionate release only upon motion by the [Bureau of Prisons]." *Id.* at *2. "The First Step Act removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *Id.* at *1. However, the U.S. Sentencing Commission has not yet amended U.S.S.G. § 1B1.13 to address motions filed by defendants. *See id.* at *6–7.

In *McCoy*, our Court of Appeals held the requirement that sentence reductions be consistent with applicable policy statements "is not implicated, for the threshold reason that there currently exists no 'applicable policy statement[].'" *Id.* at *7 (alteration in original) (citing *United States v. Brooker*, 976 F.3d 228, 230 (2nd Cir. 2020); *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *1–2 (6th Cir. 2020); *United States v. Gunn*, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. 2020)). "By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)." *McCoy*, 2020 WL 7050097, at *7. "Nothing in § 3582(c)(1)(A)(i) requires courts to sit on their hands if there is a gap in Commission policy." *Id.* at *9 (internal quotations omitted) (citing *United States v. Rodriguez*, 451 F. Supp. 3d 392, 399 (E.D. Penn. 2020)).

Our Court of Appeals has also indicated the factors district courts should consider in First Step Act cases. First, district courts should apply the § 3553(a) factors. *Chambers*, 956 F.3d at 674. District courts may also "consider the First Step Act's declaration of the appropriate level of punishment . . . in assessing the defendants' cases, on an individualized basis, for

4

compassionate release." *McCoy*, 2020 WL 7050097, at *1 (specifically in context of § 924(c) First Step Act case). District courts may also conclude that the severity of a sentence, "combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)." *Id.* at *10 (finding reasoning of multiple district courts persuasive).

Finally, in the context of the COVID-19 pandemic, "courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (collecting cases).

### III.

Mr. Vaughn's primary argument for compassionate release concerns his sentencing as a career offender. If sentenced today, Mr. Vaughn's guideline sentence would be far less. Mr. Vaughn was convicted of knowingly and intentionally distributing 10 oxycodone 80-milligram pills. [Doc. 202 at 8]. Under the current edition of the United States Sentencing Guidelines, the resulting base offense level is 12. U.S.S.G. § 2D1.1(c). Additionally, Mr. Vaughn's conduct would not qualify him for the career offender status, as one of his predicate offenses is attempted possession with intent to deliver. *See United States v. Carter*, No. 2:19-cr-00078, 2020 WL 907884, at *3 (S.D. W. Va. 2020) (Goodwin, J.) (finding inclusion of "attempt" in definition of "crime of violence" suggests U.S. Sentencing Commission chose to exclude "attempt" in definition of "controlled substance offense") (citing *United States v. Bond*, No. 3:18-cr-00210, 2019 WL 5957203, at *2 (S.D. W. Va. 2019) (Chambers, J.); Sentencing Hr'g in *United States v.*

*Gibbs*, No. 2:18-cr-00089 (S.D. W. Va. July 31, 2019) [ECF No. 59] (Copenhaver, J.)). Thus, his total offense level would be 12. Furthermore, Mr. Vaugh would have six criminal history points, which establishes a criminal history category of III. Without the career offender enhancement, Mr. Vaughn's criminal history category would remain at III instead of being raised to VI. If sentenced today, Mr. Vaughn's guideline range would be a sentence of between 15 and 21 months of incarceration.

While the United States asserts that Mr. Vaughn's original sentence should be final, our Court of Appeals rejected analogous arguments in *McCoy*. Our Court of Appeals found that individualized reconsideration of sentences for extraordinary and compelling reasons would neither undermine the finality of sentences nor violate the constitutional separation of powers. *McCoy*, 2020 WL 7050097, at *12. Most importantly, the Court of Appeals found district courts persuasive in finding extraordinary and compelling reasons for relief when there is an enormous disparity between the sentence imposed and the sentence a defendant would receive if sentenced today. Such a disparity is present here.

Mr. Vaughn's original guidelines custody range was between 262 and 327 months. He was originally sentenced to 188 months imprisonment. The Honorable Judge Irene C. Berger varied below the guidelines range while still finding that a lengthy sentence of imprisonment was necessary. Mr. Vaughn has served a lengthy sentence of imprisonment. He has been detained since December 30, 2008. [Doc 202 at 1]. If released now, Mr. Vaughn will have served a sentence of approximately 144 months, certainly a sufficient sentence for his conduct.

Mr. Vaughn's conduct while incarcerated has also been commendable. He has participated in a wide range of BOP programming, showing a commitment to bettering himself. [Doc. 272-1]. Mr. Vaughn also only has four disciplinary incidents over his twelve-year

imprisonment, only one of which has been in the last five years. [Doc. 272-2]. If twelve sanctions over twenty-two years is "somewhat remarkabl[e]," then four incidents over twelve years is remarkable indeed. *See United States v. Spotts*, Civil Action No. 3:00-0647, Criminal Action No. 3:98-00047-01, 2019 WL 6521981, at *2 (S. D. W. Va. 2019).

Furthermore, the § 3553(a) factors support Mr. Vaughn's release for time served. Such a sentence appropriately considers the nature and circumstances of Mr. Vaughn's conduct, as well as his characteristics and criminal history. This sentence will reflect the seriousness of Mr. Vaughn's offense, promote respect for the law, and provide just punishment. Additionally, the sentence will afford adequate deterrence and avoid unwarranted sentence disparities.

Finally, Mr. Vaughn also contends that the Bureau of Prisons ["BOP"] response to the COVID-19 pandemic supports a reduced sentence given his high blood pressure and stage 3 kidney disease. Inasmuch as the enormous sentence disparity and the § 3553(a) factors counsel for Mr. Vaughn's release, the Court need not, at this time, scrutinize the BOP's Coronavirus (COVID-19) Action Plan.

**IV.**

For the foregoing reasons, the Court **GRANTS** Defendant Barry Marcel Vaughn's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 **[Doc. 258]**. Mr. Vaughn shall serve a term of supervised release as ordered in his criminal judgment. The Bureau of Prisons shall release Petitioner within 10 days of the date of this order.

The Court directs the Clerk to transmit a copy of this written opinion and order to counsel of record, the Warden of the facility where Mr. Vaughn is incarcerated, by certified mail, return receipt requested, and to any unrepresented party.

ENTER: January 13, 2021

Frank W. Volk
United States District Judge